IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL M. WEST, D.O., | No. C 06-4517 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIFTH, SIXTH AND SEVENTH CAUSES OF ACTION** |
| v. | |
| UNUMPROVIDENT CORPORATION, *et al.*, | |
| Defendants. | |

Defendants have filed a motion to dismiss plaintiff's fifth, sixth and seventh causes of action. Pursuant to Civil Local Rule 7-1(b), the Court has determined that the matter is appropriate for resolution without oral argument. For the reasons set forth below, the Court GRANTS defendants' motion.

**BACKGROUND**

Plaintiff Randall M. West purchased two long term disability policies from defendant Unum Life Insurance Company of America ("Unum") in 1994. *See* Second Amended Complaint ("SAC") ¶ 26. Each policy provides for a Maximum Disability Benefit of $5,000 per month. *See* Def's Motion, Ex. A at 3, 22.[1] The policies allowed for, but plaintiff did not purchase, an optional "Benefit Indexing Provision," which would increase the Maximum Disability Benefit on an annual basis to keep up with inflation. The policies also allowed for, and plaintiff did purchase, a Cost of Living Adjustment

---

[1] Plaintiff attached copies of the policies as exhibits to the operative complaint. For convenience, this order cites the policies attached to defendants' motion because those exhibits are Bates-stamped.

("COLA") rider for each policy, for which he paid an additional premium. SAC ¶¶ 88, 91. The COLA riders became effective on the same day the policies went into effect in April and May 1994. *Id.* ¶¶ 89, 91; Def's Motion, Ex. A at 14, 33.

In 2001, plaintiff suffered injuries to his knee and shoulder, and he underwent multiple surgeries in 2001 and 2002. SAC ¶¶ 30-32. Plaintiff filed an application for disability benefits, and began receiving benefits in March 2001. *Id.* ¶ 33. On the one year anniversary of his disability, plaintiff received his COLA benefits on both policies. *Id.* ¶ 90.

Plaintiff alleges, on behalf of himself and a class of individuals who purchased "own-occupation disability income policies containing [COLA riders] in the state of California" that defendants were required to begin making automatic cost of living adjustments to the Maximum Disability Benefit immediately after the COLA riders went into effect, rather than on the one year anniversary of disability. Plaintiff has alleged class claims for intentional/fraudulent and negligent misrepresentation (fifth cause of action); breach of the covenant of good faith and fair dealing, insurance bad faith (sixth cause of action); and breach of contract (seventh cause of action). Defendants have moved to dismiss these claims. Plaintiff also alleges four individual claims that are not the subject of the instant motion.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Simpson v. AOL Time Warner*, 355 F.3d 1179, 1183 (9th Cir. 2006). In reviewing a motion to dismiss, a court may consider certain materials, such as documents attached to the complaint, without converting the motion to dismiss into a motion for summary judgment. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## DISCUSSION

Defendants contend that plaintiff's fifth, sixth and seventh causes of action fail as a matter of law because plaintiff's interpretation of the COLA riders is contradicted by the plain language of the COLA riders. The COLA riders provide:

**COST OF LIVING ADJUSTMENT**

On each anniversary of the first date of a period of disability which began while this rider was in effect, we will increase the Maximum Disability Benefit by multiplying the Maximum Disability Benefit in effect on the first day of the disability by the CPI-U factor to determine the new Maximum Disability Benefit if:

1. you are disabled;

2. the disability is caused by an injury that occurs, or a sickness that begins, after this rider became effective; and

3. the policy anniversary when your age is 65 has not occurred.

Def's Motion, Ex. A at 14 & 33. The CPI-U factor is defined as "during each year of disability, the ratio of the Current Index to the Base Index," subject to certain maximum limitations. *Id.* "Base Index" is defined as "the last CPI-U index published in the calendar year before disability begins," and "Current Index" is defined as "the last CPI-U index published in the calendar year before each payment is made." *Id.*

Defendants contend that the COLA riders provide that it is a claimant's disability and the commencement of disability benefits that trigger application of the cost of living adjustment, and that the amount of the cost of living adjustment is tied to the CPI-U indices that are in effect once a claimant becomes disabled and in the year immediately prior thereto. Plaintiff, in contrast, contends that because the COLA riders became "effective" on the same date that his policies went into effect, he was entitled to begin receiving cost of living adjustments to the Maximum Disability Benefit available under his policies immediately upon his purchase of the policies in April and May 1994.[2] Plaintiff's fifth, sixth

---

[2] Plaintiff also asserts that the Court is limited to reviewing the allegations in plaintiff's complaint, and that plaintiff's allegations state a claim. However, plaintiff attached the policies to the complaint, and thus the Court may consider those documents in connection with defendants' motion. *See Ritchie*, 342 F.3d at 908; *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Moreover, defendants' motion presents a pure question of law regarding contract interpretation, and thus is appropriate for adjudication.

3

and seventh causes of action are all based upon this interpretation of the COLA riders. *See* SAC ¶¶ 89-91 (misrepresentation); ¶¶ 100-04 (bad faith); ¶¶ 110-14 (breach of contract).

The Court concludes that defendants' interpretation of the COLA riders is correct. The COLA riders state that the Maximum Disability Benefit will be increased "[o]n each anniversary of the first date of a period of disability which began while this rider was in effect." *Id.* Thus, the plain language of the COLA riders provide that adjustments will begin only *after* the claimant becomes disabled. Plaintiff's assertion that the cost of living adjustments should have been applied at the time the riders became "effective" is flatly contradicted by the COLA riders, and indeed, plaintiff does not cite any language in the riders or the policies in support of his interpretation.

The "Benefit Indexing Provision" of the policies provides further support for defendants' interpretation of the COLA riders. That provision allows insureds to purchase, prior to their disability and for an additional premium, increases to the Maximum Disability Benefit on an annual basis to keep up with inflation. *See* Def's Motion, Ex. A at 10, 29.[3] Plaintiff's interpretation of the COLA riders would render the Benefit Indexing Provision duplicative: insureds would have no need to avail themselves of this provision to increase the Maximum Disability Benefit if the cost of living adjustments were automatically applied upon purchase of a COLA rider. *See Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 1415, 1421 (1996) (noting the general rule of contract interpretation which "disfavor[s] constructions of contractual provisions that would render other provisions surplusage").[4]

---

[3] The "Benefit Indexing Provision" states, *inter alia*, "On each annual review date until the policy anniversary when your age is 55, you will automatically have the opportunity to increase the Maximum Disability Benefit by the Indexed Amount provided that you are not then disabled and you have not refused the opportunity to increase your coverage in two consecutive years." *Id.* at 10, 29. The "Indexed Amount" is defined as a percent change in the CPI-U in the previous two years, or a percentage of the current Maximum Disability Benefit. *Id.*

[4] In a footnote, defendants state that a preliminary issue in this case is whether California or Washington law should apply to plaintiff's claims and the construction of the COLA riders, in light of the fact that plaintiff purchased the policies in Washington and then moved to California and began receiving benefits. For purposes of the motion, however, "[d]efendants assume that California law and Washington law regarding the interpretation of contracts are materially similar, and therefore cite to California law for the sake of convenience." Def's Motion at 6 n.3. Plaintiff's opposition does not specifically address the choice of law issue, and also cites California law. Accordingly, for purposes of the instant motion, the Court applies California law regarding the interpretation of contracts. The Court

Plaintiff contends that various provisions of the COLA riders would be superfluous under defendants' interpretation. Plaintiff cites language providing that "[t]he adjusted Maximum Disability Benefit can not exceed two times the Maximum Disability Benefit which was in effect on the first day of that period of disability," *id.* at 14 and 33, and argues that "[i]f, as defendants assert, the COLA will not adjust the $10,000.00 Benefit until the insured is first disabled, the Maximum Disability Benefit 'in effect on the first day of that period of disability' will always be the same, i.e. $10,000.00." Pl's Oppo. at 4 (quoting rider language). However, as defendants correctly note, plaintiff's argument ignores the Benefit Indexing Provision, which allows an insured to increase the Maximum Disability Benefit at the annual renewal of a policy. Contrary to plaintiff's assertions, the Maximum Disability Benefit need not "always be the same," and thus the language "in effect on the first day of that period of disability" is not superfluous.

Plaintiff also contends that defendants' interpretation would render superfluous the "Right to Purchase Increases" provision of the COLA riders, which follows the "Cost of Living Adjustment" provision. The "Right to Purchase Increases" provision states;

> While this rider is in effect, you may purchase additional coverage if:
> 1.   the Maximum Disability Benefit has been adjusted as provided above;
> 2.   you are not disabled;
> 3.   you are able to work full time in your regular occupation; and
> 4.   you apply within 90 days after the disability ceases and before the policy anniversary when your age is 60.

Def's Motion, Ex. A at 15, 34. The provision further provides that "[t]he maximum amount of additional coverage will be the difference between the Maximum Disability Benefit as increased by the Cost of Living Adjustment when the disability ended and the Maximum Disability Benefit in effect when the disability began." *Id.* Plaintiff argues that under defendants' interpretation, there will never be a time when an insured is both not disabled and the Maximum Disability Benefit will have been adjusted.

Plaintiff's contention lacks merit. The COLA riders state that the Maximum Disability Benefit

---

makes no finding regarding which law should apply to the balance of plaintiff's claims.

5

for a disabled insured is automatically adjusted "on each anniversary of the first date of a period of disability which began while this rider was in effect." *Id.* at 14, 33. The "Right to Purchase Increases" provision applies (1) after an insured has become disabled and received cost of living adjustments as set forth in the "Cost of Living Adjustment" provision of the rider; (2) the insured is no longer disabled; (3) the insured is able to work full time in his or her regular occupation; and (4) the insured meets other timeliness and age requirements.

In sum, the fifth, sixth and seventh causes of action are all based on the same flawed interpretation of the COLA riders. Plaintiff could not cure these deficiencies by amendment, and indeed plaintiff does not request leave to amend. Accordingly, the Court GRANTS defendants' motion to dismiss these claims without leave to amend.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendants' motion to dismiss plaintiffs' fifth, sixth and seventh causes of action without leave amend. (Docket No. 11).

**IT IS SO ORDERED.**

Dated: January 8, 2007

SUSAN ILLSTON
United States District Judge