IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL M. WEST, D.O., | No. C 06-04517 SI |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| UNUMPROVIDENT CORPORATION and UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendants. | |

On April 13, 2007, the Court heard argument on defendants' motion for summary judgment. This action concerns plaintiff's claims that defendant insurer should have paid plaintiff under the total disability provisions of his insurance policies rather than the residual disability provisions. Plaintiff filed suit in California state court on May 9, 2006, alleging breach of contract, intentional, fraudulent, and negligent misrepresentation, tortious breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress.[1] Defendants now move for summary judgment, arguing that all of plaintiff's claims are time-barred because the causes of action accrued in 2001.[2] Plaintiff argues that the statute of limitations has not accrued on any claims because defendants have not met their burden of showing that plaintiff had all elements of his claim in 2001.

---

[1] These are plaintiff's first through fourth causes of action, which remain in this case. The Court previously dismissed plaintiff's fifth, sixth, and seventh causes of action. *See* Order Granting Defendants' Motion to Dismiss Fifth, Sixth, and Seventh Causes of Action (Docket No. 22).

[2] Defendants also move to strike plaintiff's declaration concerning a California state insurance settlement involving defendants. The Court agrees with defendants that the declaration is irrelevant to the instant motion and STRIKES the Declaration of Ray Bourhis in Support of Opposition to Defendants' Motion for Summary judgment (Docket No. 35).

Given the continuing nature of a disability insurance contract, the Court does not find that defendants have shown that the causes of action accrued in June 2001, when the first residual payment was made. Accordingly, the Court DENIES defendants' motion for summary judgment. (Docket No. 28).[3]

The Court will refer this case to a magistrate judge for a settlement conference.

**IT IS SO ORDERED.**

Dated: April 24, 2007

SUSAN ILLSTON
United States District Judge

---

[3] The Court makes no finding as to the merits of plaintiff's claims. This order is limited solely to the statute of limitations issue presented by defendants' motion.

2